IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIAM ROGER McNEILL, #31184                                              PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 1:07cv461-LG-RHW

PRESTON GOFF, WARDEN                                                        DEFENDANT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

Before the Court is Respondent's [6] Motion to Dismiss William Roger McNeill's 28 U.S.C. § 2254 petition as time-barred by the AEDPA's one-year limitation period. The State argues that McNeill's conviction became final on June 7, 2005, fourteen days after the Mississippi Court of Appeals affirmed his conviction and sentence on May 24, 2005. Therefore, the state asserts that Petitioner's § 2254 petition, filed after the June 7, 2006 deadline, is untimely. The Petitioner does not dispute the claim that the one-year limitation period has expired, but he does claim that due to a state-created impediment he is entitled to a period of statutory tolling per 28 U.S.C. § 2244 to defeat the time-bar issue.

## LAW AND ANALYSIS

28 U.S.C. § 2244 provides in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The limitation period for McNeill's § 2254 petition began to run when his period to appeal expired. The Mississippi Court of Appeals affirmed McNeill's judgment of conviction and sentence on May 24, 2005. *McNeill v. State*, 919 So.2d 77 (Miss. App. 2005). McNeill failed to seek discretionary review in state court, which stopped the appeal process and prevented further direct review in the Mississippi Supreme Court or the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693-94 & n.14 (5th Cir. 2003); *Buie v. Epps*, 271 F.Supp. 2d 922, 924 (S.D. Miss. 2003). Thus, McNeill's conviction and sentence became final on June 7, 2006, fourteen days following the Appellate Court's ruling. *See* Mississippi Rule of Appellate Procedure 17(b).

McNeill asserts, however, that his failure to timely file his Petition for Writ of Habeas Corpus should be excused due to a state-created impediment. He spent approximately six months at the Mississippi State Penitentiary in Parchman, Mississippi (Parchman) before being transferred to the George County Correctional Facility (GCCF). He stated that he was unaware of the AEDPA or its statute of limitations until after the time-bar had elapsed. Likewise, the Petitioner specifically claims that he had no access the Inmate Legal Assistance Program (ILAP) while in Parchman and that he was told that he had three years to file his federal habeas petition. The Petitioner also stated that illiterate prisoners are given access to ILAP personnel to prepare petitions and motions while literate prisoners have no aid from these personnel. In addition, he urges the Court to allow an Evidentiary Hearing to attempt "to prove the state has created an impediment that has caused, and

continues to cause the Petitioner to be denied his rights to access to the courts.

In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The undersigned finds that the Petitioner has failed to fulfill the requirements for statutory tolling per § 2244(d)(1)(B). The State has presented an affidavit and applicable records showing that McNeill requested and received a First Step Post-Conviction Instruction Packet on three separate occasions while at Parchman, which was prior to the expiration of the one-year limitation. This packet clearly sets out the time limitations for federal habeas relief. The state also presented an affidavit from Gia McLeod which described how ILAP works. Furthermore, the evidence demonstrates that petitioner requested and received legal research through the ILAP system on several occasions prior to the expiration of the one-year limitation period. The petitioner cannot benefit from statutory tolling when ILAP was available to him to aid him in meeting his deadlines; he should have been aware of the federal habeas corpus relief one-year statute of limitations because that information was clearly discussed in detail in the post-conviction packet. *See Neal v. Brady*, WL 2796404, at 4 (N.D. Miss. 2006); *Townsend v. Epps*, WL 1687461, at 4 (N.D. Miss 2007). Therefore, according to the evidence, this court finds that there was no state-created impediment entitling the Petitioner to statutory tolling.

Moreover, in the event that the Petitioner's argument could be construed as an assertion of the right to equitable tolling, the court finds that the above mentioned circumstances are not "rare and exceptional." *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035 (2000). Mere ignorance of the law or of filing deadlines does not justify equitable tolling. *Maxwell v. Byrd*, WL 30270, at 5 (S.D. Miss. 2007); *Heatherly v. Banks*, WL 2071801, at 4 (N.D.

Miss 2007).

## RECOMMENDATION

The undersigned recommends that the State's [6] Motion to Dismiss be granted and that McNeill's § 2254 petition be dismissed as time-barred.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file  written objections to the proposed findings, conclusions, and recommendation contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed **factual findings and legal conclusions** accepted by the district court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 7th day of August 2007.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE